UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY SCOTT VANCONANT,

Plaintiff,

v.

Case No. 2:25-CV-13244
HONORABLE DENISE PAGE HOOD

BRIAN S. PICKELL, et. al.,

Defendants.
_________________________________/

**OPINION AND ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS, (2) DIRECTING CUSTODIANS TO SET ASIDE 20% OF ALL FUTURE DEPOSITS TO PLAINTIFF'S JAIL TRUST ACCOUNT, AND (3) SUMMARILY DISMISSING THE COMPLAINT**

## I. Introduction

Before the Court is Kelly Scott VanConant's (Plaintiff), *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate confined at the Genesee County Jail in Flint, Michigan. For the reasons that follow, the Court orders Plaintiff's custodians at the Genesee County Jail to set aside 20 % of Plaintiff's future deposits to his account to be used to pay the filing fee. The complaint is summarily dismissed without prejudice for failing to state a claim upon which relief can be granted.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a

certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a).

On October 21, 2025, Magistrate Judge David R. Grand signed an order of deficiency. The order required Plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months; the order alternatively allowed Plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee, plus the fifty five ($ 55.00) administrative fee. Plaintiff was given thirty days to comply with the order. (ECF No. 3).

Plaintiff filed an application to proceed without prepaying fees or costs that did not include a certified trust fund account statement as required by 28 U.S.C. § 1915(a)(2) (ECF No. 4). Plaintiff in his application indicates that jail personnel at the Genesee County Jail have refused to provide him with any of the documentation needed for him to proceed without prepayment of fees and costs. (*Id.*, PageID.19). This appears to be an ongoing issue with several county jails, including the Genesee County Jail.

A district court has the discretion to grant or deny a plaintiff's application to proceed *in forma pauperis*. *See Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988). Ordinarily, the Court will not consider an *in forma pauperis* application unless it is accompanied by a certified copy of the plaintiff's trust fund account statement. In general, a federal district court should not grant an *in forma pauperis* application unless it is accompanied by a certified copy of the plaintiff's trust fund account statement. In this case, Plaintiff alleges that he has made unsuccessful efforts to obtain and submit the documentation needed to support an application to proceed *in forma pauperis*. In light of the foregoing, the Court allows Plaintiff to proceed *in forma pauperis*. *See McDowell v. Washington*, No. 2:24-CV-10382, 2024 WL 1200947, at *1 (E.D. Mich. Mar. 20, 2024).

To proceed *in forma pauperis*, the Court must assess and, if funds exist, collect an initial partial filing fee, consisting of twenty percent (20%) of the greater of (1) the average monthly deposits to Plaintiff's account, or (2) the average monthly balance in Plaintiff's account for the preceding six (6) months. The initial partial filing fee in this case is $ 0.00. After noting the initial partial filing fee, Plaintiff must make monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account. 28 U.S.C. § 1915(b)(2).

The Court **ORDERS** the agency having custody of Plaintiff in subsequent months, or from time to time, forward payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account to the Clerk of this Court until Plaintiff has paid the entire filing fee.

**II. The complaint.**

**A. Standard of Review.**

Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

**B. The factual allegations of the complaint.**

Plaintiff claims that his right to a speedy trial has been violated because

he has not been brought to trial on an unspecified criminal charge or charges in the Genesee County Circuit Court. Plaintiff names as the defendants Judge Brian S. Pickell of the Genesee County Circuit Court, assistant prosecutor Khary L. Hanible, and his court-appointed criminal defense attorney Peter J. Philpott. Plaintiff seeks monetary damages and possibly also equitable relief.

## III. Analysis

Plaintiff is not entitled to relief for several reasons.

First, where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to an immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).

Plaintiff's speedy trial challenge to his pending criminal charges can only be maintained by filing a pre-trial habeas petition pursuant to 28 U.S.C. 2241. *See Thomas v. Pugh*, 9 F. App'x 370, 371–72 (6th Cir. 2001).

Secondly, Plaintiff would not be entitled to any monetary damages from his incarceration and pending criminal charges. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a §

1983 plaintiff is required to show that the conviction or sentence was reversed on direct appeal, expunged by an executive order, invalidated by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *see also Alkire v. Irving*, 330 F.3d 802, 816, n. 10 (6th Cir. 2003). The *Heck* doctrine applies to challenges to confinement brought by pre-trial detainees like Plaintiff. *See Thomas v. Pugh*, 9 F. App'x at 372. This includes a claim that a plaintiff's pre-trial delay violates his right to a speedy trial. *Id., see also Cochran v. Mun. Ct. of City of Barberton, Summit Cnty.*, 91 F. App'x 365, 367 (6th Cir. 2003). Because Plaintiff does not allege that his confinement has been invalidated by any of the procedures outlined in *Heck*, his challenges to his pre-trial confinement are not cognizable under § 1983. *Thomas,* 9 F. App'x at 372.

Third, Judge Pickell is immune from being sued.

The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state waived its immunity and consented to suit, or Congress has abrogated that immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *see Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), nor did Congress

abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state and enjoy the same sovereign immunity as the State of Michigan. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762–64 (6th Cir. 2010). Eleventh Amendment immunity likewise applies to state employees, i.e., the defendant judges and court employees who are sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)). Defendant Pickell is entitled to Eleventh Amendment immunity.

Judge Pickell is also entitled to absolute judicial immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *see also Thomas,* 9 F. App'x at 372-73 (judge immune from being sued for alleged speedy trial violation). Additionally, the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. See 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446–47 (E.D. Mich. 2006).

Defendant Assistant Prosecutor Hanible is also immune from lawsuit for his action in prosecuting Plaintiff's criminal case. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The Sixth Circuit has held:

> Those acts that occur in the course of the prosecutor's role as an advocate for the state, e.g., acts taken to prepare for the initiation of judicial proceedings or to prepare for trial, are protected by absolute immunity. By contrast, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity.

*Cooper*, 203 F.3d at 947 (internal citations omitted).

As with judicial immunity, the motives of the prosecutor are irrelevant for purposes of immunity. *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir.

2003). Indeed, absolute prosecutorial immunity is not overcome by a showing that the prosecutor acted wrongfully or maliciously. *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Defendant Hanible is immune from being sued for any alleged speedy trial violation. *Thomas,* 9 F. App'x at 372-73.

Plaintiff's suit against Peter J. Philpott, his court-appointed trial attorney, must be dismissed because this defendant is not a state actor within the meaning of 42 U.S.C. § 1983.

Court appointed attorneys or public defenders performing a lawyer's traditional functions as counsel to a criminal defendant do not "act under color of state law" and are therefore not subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317 (1981). Even though the defective performance of a criminal defense attorney may cause the legal process to deprive an accused criminal defendant of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional action does not act under the color of state law within the meaning of § 1983. *See Briscoe v. Lahue*, 460 U.S. 325, 329, n. 6 (1983); *See also Floyd v. County of Kent,* 454 F. App'x 493, 497 (6th Cir. 2012) (public defender could not be liable in *pro se* § 1983 suit for ineffective assistance of counsel brought by former client, as he did not act under color

of state law when performing traditional functions as counsel for the accused); *Bomer v. Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003) (criminal defendant's appellate attorney was not state actor, and was not subject to suit under § 1983); *Dunning v. Yuetter,* 12 F. App'x 282, 284 (6th Cir. 2001) (criminal defense attorneys did not act under color of state law, for purpose of § 1983); *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (state appellate defenders who represented inmate on appeal were not state actors for purpose of § 1983); *Thomas,* 9 F. App'x at 372-73 (public defender not a state actor who could be sued for the alleged violation of the plaintiff's right to a speedy trial).

The Court dismisses the case pursuant to *Heck v. Humphrey*, therefore, the dismissal will be without prejudice. *See Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015). Because the complaint lacks any arguable basis in the law, this Court certifies that any appeal by Plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

## IV. ORDER

**IT IS ORDERED THAT:**

(1) Plaintiff's application to proceed without prepaying fees or costs is GRANTED. (ECF No. 4)

(2) Plaintiff's custodians shall set aside 20 % of all of Plaintiff's future deposits in his jail trust account to be applied towards the filing fee in accordance with the terms and conditions outlined in the order.

(3) The complaint is DISMISSED WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

(4) The Court CERTIFIES that any appeal would not be undertaken in good faith.

S/DENISE PAGE HOOD
Denise Page Hood
United States District Judge

Dated: August 31, 2026